## Report on Competency to Operate a Motor Vehicle

PACKEL, Attorney General, May 22, 1974.—I have been asked to interpret two apparently contradictory statutory provisions regarding the records of individuals who have been institutionalized because of drug or alcohol abuse or dependence. Specifically, I have been asked whether the confidentiality provision of the Pennsylvania Drug and Alcohol Abuse Control Act of April 4, 1972, P. L. 156 (No. 63), 71 PS §1690.101, repeals the reporting requirement found in section 1226 of The Vehicle Code, which became effective in 1959.[1] The confidentiality provision of the Drug and Alcohol Abuse Control Act is a general provision intended to protect the confidentiality of patient records that are obtained pursuant to that act:

"All patient records (including all records relating to any commitment proceeding) prepared or obtained pursuant to this act, and all information contained therein, shall remain confidential, and may be disclosed only with the patient's consent and only (i) to medical personnel exclusively for the purposes of diagnosis and treatment of the patient or (ii) to government or other officials exclusively for the purpose of obtaining benefits due the patient as a result of his

---

[1] Since January 14, 1974, the council has taken the position that section 1226 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1226, was repealed by Act 63. That position was undoubtedly influenced by the fact that no adequate procedural safeguards existed to enable the patient to assert competence to drive. Now, however, the Department of Justice is in negotiation to settle Sharkey v. Kassab, C.A. No. 73-377, in a manner that will assure full procedural due process. An equitable resolution of this problem is imminent and necessitates a reconsideration of the council's prior position.

drug or alcohol abuse or drug or alcohol dependence except that in emergency medical situations where the patient's life is in immediate jeopardy, patient records may be released without the patient's consent to the proper medical authorities solely for the purpose of providing medical treatment to the patient": Section 8(b).

The same act requires that a "complete medical, social, occupational, and family history shall be obtained as part of the diagnosis, classification and treatment of a patient pursuant to this act": Section 8(a).

In contrast, section 1226 of The Vehicle Code is a very specific reporting requirement designed to aid the Bureau of Traffic Safety in pursuing its responsibilities with respect to licensing drivers:

"The person in charge of every mental hospital, mental institution or mental clinic, shall make a report to the secretary, of the admission of every person who, upon examination therefor, is found to be suffering from a mental disability which, in the opinion of the examining physician, would prevent such person from exercising reasonable and ordinary control over a motor vehicle or tractor, and at the completion of treatment or upon discharge, shall inform the secretary as to such person's ability or inability to exercise reasonable and ordinary control over a motor vehicle": 75 PS §1226.

The records referred to in the confidentiality provision of the Pennsylvania Drug and Alcohol Abuse Control Act of April 4, 1972, are general records kept in order to aid in the patient's treatment. The report required by section 1226 of The Vehicle Code is a highly specific report, not intended for the patient's treatment program but rather to be a signal to the Bureau of Traffic Safety as to whether a particular patient is able to exercise reasonable and ordinary

control over a motor vehicle. This report need not necessarily contain information from general patient records; rather, The Vehicle Code mandates that the report describe the results of a specific examination designed only to identify driving disabilities.

The Drug and Alcohol Abuse Control Act, supra, repeals all other acts and parts of acts "insofar as they are inconsistent" with it: section 15(b). Therefore, section 1226 of The Vehicle Code is repealed by the Drug and Alcohol Abuse Control Act if and only to the extent that the two sections are inconsistent. In determining whether the two sections are inconsistent, the following rule of statutory construction must be applied:

"Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the confict between the two provisions is irreconcilable, the special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail": 1 Pa. S §1933.

Because section 8 of the Drug and Alcohol Abuse Control Act is a general provision and section 1226 of The Vehicle Code is a specific provision, it is my judgment that effect should be given to both provisions insofar as possible and that section 1226 of The Vehicle Code should be considered repealed only if the two provisions are clearly irreconcilable and inconsistent.

It is my opinion, and you are so advised, that section 1226, if narrowly construed, is consistent with the confidentiality provision of the Drug and Alcohol Abuse Control Act. Section 1226 requires only: (1) a report of the admission to an institution of every person who is found to be suffering from a mental dis-

ability that would prevent that person from exercising reasonable control over a motor vehicle or tractor; and (2) a report to the secretary upon discharge of that person as to his ability or inability to exercise reasonable and ordinary control over a motor vehicle. In practice, these reports have been submitted to the Department of Revenue, Bureau of Traffic Safety, on forms which ask for the following information:

(1) Institution;

(2) Name of patient;

(3) Patient's address;

(4) Patient's date of birth;

(5) Whether the patient has been issued an operator's license and its number;

(6) Date of admission;

(7) Whether, in the opinion of the examining physician, the patient is suffering from a mental disability which would prevent that person from exercising reasonable and ordinary control over a motor vehicle or tractor;

(8) Remarks on the case in detail.

If Question 8 is omitted from the standard reporting form, or revised to narrow its scope,[2] it is obvious that the report provided to the Bureau of Traffic Safety is a brief notice useful only for the initiation of further proceedings to determine whether the patient is com-

---

[2] I recommend that item 8 be revised to ask: "Type of mental disability, if any, that would prevent this patient from exercising reasonable and ordinary control over a motor vehicle or tractor." This change will provide any aggrieved patient with specific notice as to the reason for any proposed license revocation without unnecessary exposure of treatment-oriented information. I understand that this change in form would not change practice, since most physicians have, in fact, answered item 8 with a one-word statement, such as "alcoholism."

petent to operate a motor vehicle. Thus restricted, the report is highly specific and is not designed to aid in the patient's treatment or rehabilitation. There is no provision in the Pennsylvania Drug and Alcohol Abuse Control Act that authorizes the council or any of its agencies to prepare a report designed only for this limited purpose. Therefore, in my judgment, this report is not a part of "patient records . . . prepared or obtained pursuant to this Act." Consequently, unless the report contains substantive information obtained from the patient's treatment records, the report itself is not a subject of section 8 of the Act of April 4, 1972. Therefore, section 1226 of The Vehicle Code and section 8 of the Drug and Alcohol Abuse Control Act are not clearly inconsistent. It is my opinion, then, that section 1226 of The Vehicle Code is not repealed by the confidentiality provision of the Pennsylvania Drug and Alcohol Abuse Control Act and that it is possible to give effect to both provisions if the report required by section 1226 does not contain question 8 as presently stated.

## CONCLUSION

In summary, you are advised that if item 8 on the standard reporting form used to implement section 1226 of The Vehicle Code is omitted, or appropriately revised, such a report to the Bureau of Traffic Safety would not violate the confidentiality provision of the Pennsylvania Drug and Alcohol Abuse Control Act because that report is not a part of the patient's records prepared or obtained pursuant to the Drug and Alcohol Abuse Control Act, nor would it contain any substantive information from such records.